UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JASON R. MACDONALD,**

        **Petitioner,**

v.                                                          Case No. 6:23-cv-126-CEM-LHP

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

        **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed by Petitioner under 28 U.S.C. § 2254 and on the accompanying Memorandum of Law (Doc. 2). Respondent filed a Motion to Dismiss (Doc. 17) and a Response to Petition (Doc. 21). Petitioner filed a Reply (Doc. 18) to the Motion to Dismiss and Replies (Doc. Nos. 24, 25) to the Response to Petition.[1]

## I.   PROCEDURAL BACKGROUND

The Procedural Background for this case was set forth in the Court's Order of October 5, 2023 (Doc. 20) and is incorporated herein.

---

[1] Respondent's original Motion to Dismiss (Doc. 11) was not filed in the proper PDF format, and Respondent was required to refile the pleading. (Doc. 16).

Petitioner raised four claims in the Petition, and these claims were raised in his state petition for writ of habeas corpus, which the Florida Fifth District Court of Appeal ("Fifth DCA") dismissed. Because Petitioner never filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, Respondent argued this case should be dismissed without prejudice "as Petitioner still has time to seek post-conviction relief in the state court." (Doc. 17 at 4).

The Court denied Respondent's request to dismiss this case without prejudice. First, although Petitioner still had time to file a Rule 3.850 motion, because more than one year has passed since his conviction became final, a subsequently filed federal habeas petition would be untimely. Further, Petitioner argued that, since these claims were raised in the state habeas petition, "[a]ll remedies [have been] exhausted." (Doc. 1 at 7-12).

## II. LEGAL STANDARD

A petitioner must exhaust all available state court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Exhaustion requires that 'state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 845).

A habeas claim not properly exhausted in the state courts is procedurally defaulted if presentation of the claim in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted). A procedural default can be overcome either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

### III. ANALYSIS

#### A. Claim One

Petitioner argues that he received ineffective assistance of counsel. (Doc. 1 at 5). His allegations are difficult to decipher, but he states that his counsel "was caught committing perjury" and that "discovery was left incomplete [sic] by" counsel. (*Id.*).

Under Florida law, "claims of ineffective assistance of counsel . . . should . . . be brought in a motion for postconviction relief under rule 3.850." *Arteaga v. State*, 246 So. 3d 533, 536 (Fla. 2d DCA 2018). Petitioner did not file a Rule 3.50 motion.

Although the claim was raised in his state petition for writ of habeas corpus, the petition was dismissed for failure to prosecute and was not addressed on the merits.

Moreover, a petition for writ of habeas corpus filed in the state appellate court is the proper method to raise an ineffective assistance of appellate counsel claim, not an ineffective assistance of trial counsel claim. *Dinkins v. State*, 600 So. 2d 1295, 1296 (Fla. 1st DCA 1992) (the "proper method by which to raise a claim of *ineffective assistance of appellate counsel* is by petition for writ of habeas corpus directed to the appellate court which considered the direct appeal.") (emphasis added). A petition for writ of habeas corpus filed in the state appellate court "may not be used as a substitute for an appropriate motion seeking postconviction relief pursuant to the Florida Rules of Criminal Procedure." *Zuluaga v. State, Dep't of Corr.*, 32 So. 3d 674, 676 (Fla. 1st DCA 2010); *see also King v. State*, 695 So. 2d 1299, 1299 (Fla. 4th DCA 1997) ("claims of ineffective assistance of trial counsel are not cognizable in a petition for habeas corpus and should have been brought in a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.").

When a state prisoner attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of "cause and prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see*

*also Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) ("If a state prisoner . . . attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice."). Thus, Claim One is procedurally barred because it was not properly exhausted in the state courts.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner cannot satisfy either exception to the procedural default bar. Therefore, Claim One is procedurally barred and will be denied.

### B.     Claims Two, Three, and Four

Petitioner alleges that he did not receive a "fair and impartial trial" because he "was not accorded due process of law . . .[, and his] entire Court process [was] Unconstitutional" (Claim Two); that he was "[d]eemed incompetent when [he was] not incompetent and never was" (Claim Three); and that he was "convicted with the discovery in violation" (Claim Four). (Doc. 1 at 8, 10; Doc. 2 at 2).

These claims were not exhausted in the state courts. The claims were raised in Petitioner's state petition for writ of habeas corpus, but the petition was dismissed for failure to prosecute; thus, these claims were not addressed on the merits.

Further, these claims should have been raised on direct appeal. *McKire v. Moore*, 826 So. 2d 1023 (Fla. 3rd DCA 2001) ("allegations of unlawful sentence and trial court error are issues which could have and should have been raised on direct appeal."). Although these claims were raised in Petitioner's state petition for writ of habeas corpus, a petition for writ of habeas corpus filed in the state appellate court "is not a substitute for direct appeal." *Gray v. Wainwright*, 442 So. 2d 312, 312 (Fla. 1st DCA 1983). Claims Two, Three, and Four are procedurally barred because they were not properly exhausted in the state courts.

Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner cannot satisfy either exception to the procedural default bar. Therefore, Claims Two, Three, and Four are procedurally barred and will be denied.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the

petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot demonstrate that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## V.  CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

4. Petitioner is **DENIED** a certificate of appealability in this case.

**DONE** and **ORDERED** in Orlando, Florida on December 18, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party